[No. 12185.    Department Two. — March 22, 1888.]

## PHILIP FISHER ET AL., RESPONDENTS, v. P. C. SLATTERY, APPELLANT.

LANDLORD AND TENANT — LEASE — PROVISION AGAINST SUBLETTING — POSSESSION UNDER LESSEE. — A lease for a term of one year, with an option of renewal by the lessee, contained a provision prohibiting the lessee from letting or subletting the premises without the consent of the lessors. During the existence of the term, the defendant, with the consent of the lessee, entered into possession of the premises, and so remained until after the expiration of the year, the lessee retaining the right to keep certain personal property on the premises.    While the defendant was so in possession, the lessors persistently refused to receive any rent from him, or to consider him as their tenant, and during such time the lessee continued to pay the rent.    At the expiration of the year, the lessee surrendered the lease to the lessors, and refused to exercise his option for a

renewal. *Held,* that the defendant thereupon became a trespasser as to the lessors, and that no subletting with the consent of the lessors and no parol assignment of the lease had been made.

EJECTMENT — POSSESSION AT COMMENCEMENT OF ACTION — FINDINGS. — A finding in an action of ejectment that the plaintiff was in possession at the time of the commencement of the action will not be held fatal to a judgment in favor of the plaintiff, when the pleadings admit and the other findings indicate that the defendant was in possession at that time.

APPEAL from a judgment of the Superior Court of Yuba County.

The facts are stated in the opinion.

*J. H. Craddock,* for Appellant.

The facts show an assignment of the lease to the defendant. (*Haight* v. *Greene,* 19 Cal. 114; *Chipman* v. *Emeric,* 5 Cal. 49; 63 Am. Dec. 80.) The assignment of the term is not a breach of the covenant not to sublet. (4 Wait's Actions and Defenses, 244.)

*E. A. Davis,* for Respondents.

The lease was in writing, and had to be, or it was good only for one year; the term was one year with the privilege of two more, at the option of the lessee. No notice of option was given by any one; on the contrary, Sullivan gave notice that he would not extend the term. Notice of option before the end of the term first named is required. (*Chretien* v. *Doney,* 1 N. Y. 419; *Renoud* v. *Daskam,* 34 Conn. 512; *Theiband* v. *Nat. Bank of Vevay,* 42 Ind. 212.) A parol assignment of this lease could not be made. It must be in writing. (Taylor's Landlord and Tenant, 2d ed., sec. 427.) When the lease is required to be in writing, an assignment must also be in writing. (*Batting* v. *Martin,* 1 Camp. 318; *Brewer* v. *Dyer,* 7 Cush. 337; *Hess* v. *Fox,* 10 Wend. 437; Civ. Code, sec. 1624, 1091; Code Civ. Proc., sec. 1971–1973.) The finding that the plaintiffs were in possession, being contrary to the admissions of the pleadings, should be disregarded.

(*Burnett* v. *Stearns*, 33 Cal. 473; *Hill* v. *Den*, 54 Cal. 20; *Swift* v. *Muygridge*, 8 Cal. 445; *Fox* v. *Fox*, 25 Cal. 587; *Grossini* v. *Perazzo*, 66 Cal. 545; *Taylor* v. *C. P. R. R. Co.*, 67 Cal. 615.)

FOOTE, C.—This is an action in ejectment. One of the plaintiffs, Anna M. Fisher, obtained a judgment in the court below for the possession of the premises sued for, etc. From that this appeal is prosecuted, upon the judgment roll.

The appellant urges that the findings are conflicting and contradictory; that they do not sustain or justify the judgment, and that the judgment is against law.

It appears that Anna M. Fisher was, on the twenty-sixth day of October, 1885, the owner of the premises sued for; that upon that day she jointly, with her husband, who had no interest in them, leased the premises to one Sullivan, by a written lease, for one year, commencing on said date, it being agreed therein that Sullivan might, at his option, continue the lease until the twenty-sixth day of October, 1888. The lease also contained a clause to the effect that Sullivan was prohibited from letting or underletting the premises without the written consent of the lessors. Sullivan thereupon entered into possession of the premises, but about the 1st of May, 1886, he sold a butcher business, of which he was the proprietor, in Yuba City and Marysville, to the defendant, also certain personal property in the former place. A deed to the latter was executed and delivered by Sullivan to Slattery, acknowledged and recorded. Slattery entered into its possession at once, also the shop, fixtures, meat, etc., therein included. Upon the same day, with Sullivan's consent, the former also entered into possession of the premises sued for in this action, together with the shop, meat, and fixtures therein contained, Sullivan retaining the right to keep therein certain goods not sold to Slattery, until it should be

found convenient to remove them. A bill of sale of the personalty was also given to Slattery by Sullivan. The court further finds that Sullivan did not sublet the premises, nor assign his lease of them to Slattery.

We see nothing in this which renders the findings contradictory. It is true that Sullivan allowed Slattery to go into possession of the premises in Marysville, leased from Mrs. Fisher and her husband, but the former retained the right to keep certain property there, and himself paid the rent to the lessors for two months, and when Slattery applied to be allowed to pay the rent to them, it was refused, and his tenancy was repudiated. Sullivan, the lessee, paid the rent up to the end of the first year's tenancy, and then, on the 26th of October, 1886, handed over his lease to the attorney for the plaintiffs, and stated that he did not desire to occupy the premises any longer, and his tenancy was at an end, and Mrs. Fisher was entitled to the possession of her property as against Slattery, who was as to her a mere trespasser.

Mrs. Fisher never acknowledged Slattery as her tenant, refused to do so when he applied for recognition, and offered to pay rent, and never received any rent except from Sullivan. There is nothing which indicates any acquiescence on her part, with any letting, subletting, or assignment of the lease by Sullivan to Slattery. She seems to have looked to Sullivan, and Sullivan only, as her tenant, and not in any way to have waived her right not to have the premises sublet without her written consent. There is no indication from these facts that any subletting by the written consent of the lessors was given, or that any parol assignment of the lease was made.

The appellant claims further that the court has found that Mrs. Fisher was actually in possession of the premises she sued for when her action was brought, and that

therefore he could not have been in the wrongful possession thereof at that time.

Ordinarily a finding in an action of ejectment that the *plaintiff* was in possession at the commencement of the action would be fatal to a judgment for the plaintiff. But in this case it was admitted by the pleadings that the defendant was in possession at the commencement of the action. The finding that plaintiff was in possession at the commencement of the action was evidently a mere inadvertence. The pleadings and the other findings indicate that defendant was in possession, and claimed a right to the possession.

We perceive no prejudicial error in the record, and advise that the judgment be affirmed.

HAYNE, C, concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.